UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS HARDIE and NATHANIEL TERRELL, SR.

                                Plaintiffs,

          v.                                          1:22-CV-610
                                                              (TJM/DJS)

CITY OF ALBANY, *et al.*,

                                Defendants.
_____

**APPEARANCES:**

THOMAS HARDIE
Plaintiff, *Pro Se*
18-A-0282
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788

NATHANIEL TERRELL, SR.
Plaintiff, *Pro Se*
Albany, New York 12210

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

      Plaintiffs filed this action asserting federal civil rights violations, as well as, state law claims. Dkt. No. 1, Compl. Plaintiffs have paid the filing fee, but Plaintiff Terrell

- 1 -

has moved to proceed *in forma pauperis*. Dkt. No. 2. Plaintiffs seek an order directing service of the Complaint by the United States Marshal. Compl. at p. 4.[1]

Plaintiff Hardie is presently an inmate in the custody of the New York State Department of Corrections and Community Supervision. *Id.* at p. 5. Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiffs are proceeding pro se and "[w]e afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se 'to raise the strongest claims that it suggests.'" *Warren v. Sawyer*, 691 Fed. Appx. 52 (2d Cir. 2017) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "It is also the well-established law of this circuit that *sua sponte* dismissal of a *pro se* complaint prior to service of process on defendant is strongly disfavored." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983).

---

[1] *See Williams v.* Lane, 2014 WL 2559197, at *2 (N.D.N.Y. June 6, 2014) ("Although plaintiff has paid the filing fee required for this action, in forma pauperis status affords plaintiff other benefits apart from deferring full payment of the filing fee. For example, as noted above, where a plaintiff is granted in forma pauperis status, the U.S. Marshals Service is appointed to effect service of process of the summons and complaint on the plaintiff's behalf.").

Under these deferential standards, the scope of review here is limited to whether Plaintiffs have alleged arguable claims, not whether they can ultimately prevail. Nor does this Order address whether Plaintiffs' Complaint would be sufficient to avoid dismissal upon the filing of a proper motion. At this early stage of the proceedings, however, the Complaint contains sufficient allegations to warrant a responsive pleading from Defendants.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff Terrell's Motion to proceed *in forma pauperis* is **GRANTED**, and it is further

**ORDERED**, that Plaintiffs' Complaint be accepted for filing and that this case be allowed to proceed; and it is further

**ORDERED**, that the Clerk shall forward Summonses and along with a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, along with copies of the Complaint and this Order to the United States Marshal for service upon the Defendants; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendants or Defendants' counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendants; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 Conference before the assigned Magistrate Judge; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District.  In accordance with the Local Rules, **Plaintiffs must promptly notify the Clerk's Office and all parties or their counsel of any change in their address; the failure to do so will result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 1, 2022
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge